UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOODE,<br>    *Plaintiff*,<br><br>v.<br><br>USMAN,<br>    *Defendant*. | 3:25-CV-00788 (KAD)<br><br><br><br><br>June 11, 2025 |

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Kari A. Dooley, United States District Judge:

Plaintiff Jason Goode (#228240), an inmate within the custody of the Connecticut Department of Correction ("DOC"), commenced this civil action under 42 U.S.C. § 1983 for damages and injunctive relief against the DOC's Associate Chaplain Usman alleging violations of his religious rights. Compl., ECF No. 1, ¶¶ 2–3. Plaintiff alleges that he is an adherent of the Wiccan faith. *Id.* ¶ 4. He maintains that Acting Director of Religious Services Rodriguez instructed him to send a list of Wiccan feast food items for consideration. *Id.* ¶ 6. After Plaintiff sent a list of options to be considered for his Wiccan feast on October 31, 2023, Chaplain Usman denied the food items requested without any legitimate penological reason. *Id.* ¶¶ 7–8, 10. As a result, Plaintiff could not participate in the most important feast in the Wiccan religion. *Id.* ¶ 10.

A plaintiff seeking damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violations. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quotations omitted)); *Tangreti v. Bachmann*, 983 F.3d 609, 618–19 (2d Cir. 2020) (plaintiff must plead and prove that "each Government-official defendant, through the official's own individual actions, has violated the Constitution" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))).

In the prison context, alleged violations of the First Amendment right to free exercise are "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 349 (1987).  Thus, for a prisoner's claim of free exercise deprivation to pass muster, a court must determine "(1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers legitimate penological objectives." *Kravitz v. Purcell*, 87 F.4th 111, 128 (2d Cir. 2023) (cleaned up) (quotations omitted).  In the context of a free exercise claim under § 1983, a plaintiff must establish liability of a defendant by showing that the defendant "act[ed] with at least deliberate indifference in depriving an inmate of the ability to engage in a religious practice." *Id.* at 129.

To state a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, a plaintiff must also "demonstrate that the state has imposed a substantial burden on the exercise of his [or her] religion." *Redd v. Wright*, 597 F.3d 532, 536 (2d Cir. 2010); *see Antrobus v. New York City*, No. 23-CV-7038 (LTS), 2023 WL 6609443, at *2 (S.D.N.Y. Oct. 10, 2023) (stating that under RLUIPA, government may not "substantial[ly] burden" an institutionalized person's religious free exercise unless the burden furthers a compelling governmental interest by the least restrictive means).  RLUIPA does not provide for monetary damages against state officials in their official or individual capacities.  *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013).

Plaintiff has sufficiently alleged that Chaplain Usman's denial of his religious food requests for his observance of an important Wiccan feast infringed upon his beliefs and practices

under the Wiccan religion. Thus, Plaintiff may proceed on his claim of First Amendment free exercise violation for damages against Chaplain Usman in his individual capacity.

Plaintiff also seeks official-capacity relief in the form of an injunctive order to bar interference with, or denial of, his requests for food items for his Wiccan feast that comply with safety and security concerns. Compl. ¶ 15. Because Plaintiff's allegations suggest that he is subjected to ongoing violation of his religious rights under the First Amendment and RLUIPA, Plaintiff may seek official-capacity relief. *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005).

**ORDERS**

The Court enters the following orders:

(1) Plaintiff may proceed against Chaplain Usman for (1) a First Amendment free exercise violation in his individual and official capacities and (2) RLUIPA violation in his official capacity.

(2) The Clerk shall verify the current work address for Chaplain Usman with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint to him at the confirmed address by **twenty-one (21) days of this Order** and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Defendant fails to return the waiver request, the Clerk shall arrange for in-person individual capacity service by the U.S. Marshals Service on Defendant, and Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk is instructed to prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal Service is directed to effect service of the Complaint and this Order on Chaplain Usman in his official capacity at the Office of the Attorney

General, 165 Capitol Avenue, Hartford, CT 06106, within **twenty-one (21) days** from the date of this Order and to file a return of service within thirty (30) days from the date of this Order.

(4) The Clerk shall mail a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(5) Defendant shall file a response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him.  If Defendant chooses to file an answer, Defendant shall admit or deny the allegations and respond to the cognizable claims recited above.  A Defendant may also include any additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by January 11, 2026.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court.

(8) All motions for summary judgment shall be filed by February 11, 2026.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1 provides that he MUST notify the Court.  **Failure to do so can result in the dismissal of the case.**  Plaintiff must give notice of a new address even if he is incarcerated.  He should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than

one pending case, he should indicate all the case numbers in the notification of change of address. He should also notify the Defendant or defense counsel of his new address.

(11) Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court.  Plaintiff is advised that the Program may be used only to file documents with the Court. Discovery requests shall not be filed with the Court, *see* D. Conn. L. Civ. R. 5(f), and must be served on Defendant's counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of June, 2025.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE